✎AO 241
(Rev. 10/07)                                                                          Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): *Thomas LeBeau* | Docket or Case No.: **14-823 SECT. H MAG. 5** |
|---|---|

| Place of Confinement: *Louisiana State Penitentiary* | Prisoner No.: *108525* |
|---|---|

| Petitioner (include the name under which you were convicted) *Thomas LeBeau* | Respondent (authorized person having custody of petitioner) v. *N. Burl Cain, Warden* |
|---|---|

| The Attorney General of the State of  *Louisiana* |
|---|

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

*24ᵗʰ Judicial District Court, Parish of Jefferson, Louisiana*

(b) Criminal docket or case number (if you know): *93 - 684*

2.   (a) Date of the judgment of conviction (if you know): *12 · 6 · 1993*

(b) Date of sentencing: *12 - 6 - 1993*

3.   Length of sentence: *250 YEARS*

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: *5₇ Counts OF R.S. 14:64 Armed Robbery.*

6.   (a) What was your plea? (Check one)

☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

☑ (2)   Guilty             ☐ (4)   Insanity plea

**TENDERED FOR FILING**

**MAR 28 2014**

**U.S. DISTRICT COURT**
**Eastern District of Louisiana**
**Deputy Clerk**

AO 241
(Rev. 10/07)

Page 2

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|

| Name (under which you were convicted): Thomas LeBeau | Docket or Case No.: |
|---|---|

| Place of Confinement: Louisiana State Penitentiary | Prisoner No.: 108525 |
|---|---|

| Petitioner (include the name under which you were convicted) Thomas LeBeau | v. | Respondent (authorized person having custody of petitioner) W. Burl Cain, Warden |
|---|---|---|

The Attorney General of the State of    Louisiana

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    24th Judicial District Court, Parish of Jefferson, Louisiana

    (b) Criminal docket or case number (if you know): 93-684

2.  (a) Date of the judgment of conviction (if you know): 12·6·1993

    (b) Date of sentencing: 12-6-1993

3.  Length of sentence: 250 Years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: 57 Counts of R.S. 14:64 Armed Robbery.

6.  (a) What was your plea? (Check one)

    ☐ (1)    Not guilty       ☐ (3)    Nolo contendere (no contest)
    ☑ (2)    Guilty           ☐ (4)    Insanity plea

TENDERED FOR FILING

MAR 28 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

TENDERED FOR FILING

APR 8 - 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   5 → Counts of ARmed Robbery. No other counts.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.  If you did appeal, answer the following:

(a) Name of court:  N/A

(b) Docket or case number (if you know):  N/A

(c) Result:  N/A

(d) Date of result (if you know):  N/A

(e) Citation to the case (if you know):  N/A

(f) Grounds raised:  N/A

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Result:  N/A

(4) Date of result (if you know):  N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: 24th Judicial District Court, Parish of Jefferson

(2) Docket or case number (if you know): 93-684

(3) Date of filing (if you know): May 2nd, 1996

(4) Nature of the proceeding: Post-Conviction

(5) Grounds raised: Plea was not knowingly, voluntarily, and intelligently entered.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 24th Judicial District Court, Parrish of Jefferson

(2) Docket or case number (if you know): 93-484

(3) Date of filing (if you know): 11-29-12

(4) Nature of the proceeding: Post-Conviction

(5) Grounds raised: Ineffective Assistance of Trial Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:   ☑ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:   Ineffective Assistance of Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   See Memorandum

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c)　　　**Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　☐ Yes　☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Had no direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes　☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction

Name and location of the court where the motion or petition was filed:

24th Judicial District Court, Parish of Jefferson

Docket or case number (if you know): 93-684

Date of the court's decision: 1.16.13

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?　☐ Yes　☑ No

(4) Did you appeal from the denial of your motion or petition?　☑ Yes　☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　☑ Yes　☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Louisiana 5th Circuit Court of Appeal

Docket or case number (if you know): 13-KH-146

Date of the court's decision: 4.1.13

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c)     **Direct Appeal of Ground Two:** N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☑ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:** N/A

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state: N/A

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : N/A
have used to exhaust your state remedies on Ground Two

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why? N/A

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?.    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:  N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, ground or grounds have not been presented, and state your reasons for not presenting them:  N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.  N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.  N/A

AO 241
(Rev. 10/07)                                                                                                    Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing: *Gerard Archer*

       (b) At arraignment and plea: *Gerard Archer*

       (c) At trial: *Gerard Archer (Guilty Plea Proceeding)*

       (d) At sentencing: *Gerard Archer*

       (e) On appeal: *None*

       (f) In any post-conviction proceeding: *None*

       (g) On appeal from any ruling against you in a post-conviction proceeding: *None*

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?        ☐ Yes    ☑ No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future: *N/A*

       (b) Give the date the other sentence was imposed: *N/A*
       (c) Give the length of the other sentence: *N/A*
       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?        ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

*See Memorandum*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _3 - 26 - 14_ (month, date, year).

Executed (signed) on _3 - 26 - 14_ (date).

_Thomas LeBeau_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO 241
(Rev. 10/07)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

9.    **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10.   **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

## TENDERED FOR FILING

### MAR 28 2014

**U.S. DISTRICT COURT**
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


THOMAS L. LEBEAU


VERSUS NO. 93-684;


N. BURL CAIN, WARDEN


ON PETITION FOR FEDERAL HABEAS CORPUS PURSUANT TO
28 U.S.C. 2254; FROM THE SUPREME COURT OF THE STATE OF LOUISIANA TO WIT:


RESPECTFULLY SUBMITTED THIS __17__ DAY OF __MARCH__ ,2014.


_Thomas LeBeau #108525_

THOMAS L. LEBEAU # 108525
LA. STATE PENITENTIARY
M.P.W. HIC. / 4
ANGOLA,LA. 70712


CIVIL PROCEEDINGS :

**TENDERED FOR FILING**

**MAR 17 2014**

**U.S. DISTRICT COURT**
Eastern District of Louisiana
Deputy Clerk

Thomas LeBeau # 108525
La. State Penitentiary
M.P.W. Mic. 4
Angola, La. 70712

Clerk of Court,
U.S. District Court
Eastern District of La.

RE: Thomas L. Lebeau  vs. N. Burl Cain, Warden, Civil No. _____

Dear Clerk of Court:

   Please find enclosed an Original of my pro se Petition for
Federal Habeas Corpus ( 28 U.S.C. ; 2254 ) and accompanying Memorandum
of Law in support with attached exhibits in the above referenced civil
matter. I respectfully ask that you please file same into the docket of
this court for judicial consideration and disposition.

   Furthermore, please find my application for in pauper status.
Should it be determined that I'm required to pay the $ 5.00 filing fee,
kindly submit such a notice and allow me not more than thirty (30) days
by which to submit funds from my inmate account.

   Your cooperation and time in this matter are greatly appreciated.

Respectfully,

*Thomas LeBeau #108525*

Thomas L. Lebeau #108525
Cc: w/encl. District Attorney, 24th Judicial District Court

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THOMAS LEBEAU                              CIVIL ACTIONN:_____

VERSUS

N. BURL CAIN, WARDEN

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### PETITION FOR FEDERAL HABEAS CORPUS

---

MAY IT PLEASE THE COURT:

NOW INTO COURT comes Thomas LeBeau, Plaintiff/Petitioner in a prose capacity ,who respectfully presents his "Memorandum of Law in Support of Petition for Habeas Corpus", and who respectfully prays this Honorable Court accept and consider same in connection with his,
"PETITION FOR FEDERAL HABEAS CORPUS", PURSUANT TO 28 U.S.C.A.  2254, THAT IS TIMELY FILED:

PROCEDURAL HISTORY

On December 6, 1993, plaintiff pled guilty to five counts of armed robbery and was sentenced to fifty years at hard labor on each count to be served consecutively.

Plaintiff contested his plea of guilty is in fact invalid however, the La. Supreme Court refuse to review plaintiff's writ of review, when the constitution mandates a right to review.

After plaintiff discovered upon entering this penal institution that, his time computation sheet manifested he is serving 250 years at hard labor. Plaintiff appealed. Appeals were denied in the 24th Judicial District Court, the 5th Cir. Court of Appeals, and the La. Supreme Court as barred via R.S. 930.8.

## STATEMENT OF THE FACTS

Petitioner arrived at court on 12/6/93, scheduled to be tried on five (5) counts of armed robbery. Upon petitioner's arrival, he immediately related a dangerous and grave medical condition to his counsel, that he have a bullet lodged in his skull and at that moment, he was suffering from a migraine that was so severe that he feared he would be susceptible to a seizure that had already occurred on numerous occasions due to plaintiff's head trauma he sustained.

Seeking counsel's aid to proceed to a fair trial with great health and understanding. Plaintiff awaited his counsel's return from a private discussion between counsel, assistant district attorney, and the judge, and advised plaintiff that everything will be alright, just agree to everything asked.

Plaintiff accepted his counsel's advise and understood that he would plea guilty to (5) counts of armed robbery at 50 years a piece to all be served at the same time, to run concurrent with each other.

Plaintiff agreed and advised his counsel that plaintiff will accept and plea to all five counts of armed robbery at 50 years each to run concurrent with each other. This was the only plea deal plaintiff agreed to.

This matter in light of La. C.Cr.P. Art. 930.6, plaintiff invoked the supervisory jurisdiction of the court of appeals 5th circuit, and the La. Supreme Court, writ of cert was denied via La.C.Cr.P. 930.8. See Record.

TABLE OF CONTENTS

Table of Contents ................................................... i

Table of Authorites ................................................ iii

MEMORANDUM OF LAW .................................................. 1

Procedural History ................................................. 1

Statement of Facts ................................................. 1

FEDERAL QUESTION PRESENTED.......................................... 1

Timeliness of this Petition ........................................ 2

Argument of Law Number One ......................................... 2

Argument of Law Number Two ......................................... 5

Argument of Law Number Three ....................................... 6

Conclusion and Prayer .............................................. 8

Certificate of Service ............................................. 8

Motion to Proceed in Forma Pauperia ................................ 6

Exhibits ........................................................... 9

TABLE OF AUTHORITIES

<u>Federal Statutes</u>

28 U.S.C.A. 2254 ................................................................. 1

Six Amendment ...................................................... 1

Cuyler v. Sullivan a.446.U.S..355,.100.S.Ct............................. 2

U.S. V. Cronic 466 U.S. 645 ................................. ........... 2

Boyd v. Ward, 179 F. 3d ............................................ 3

Strickland v. Washington 456 U.S. at 687 ..................... ........... 3

Bell v. Cone, 535 U.S. 685 .................................... .. 3

Frye v. Missouri 566 U.S. ................................. 3


<u>State Statutes</u> ...


LA. C.CR.P. ART. 930.6 ...................................... 4

LA. C.CR.P. ART. 930.8 .............................................. 4

State v. Kenner 900 So 2d 948 ................................... 4

La. Constitution Art.1 Section 19 ............................. 4

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

Thomas LeBeau                                    CIVIL ACTION

VERSUS                                           NUMBER: _____

N. BURL CAIN, WARDEN                             MAG.: _____

---

MEMORANDUM OF LAW IN SUPPORT OF THIS PRO SE
PETITION FOR FEDERAL HABEAS CORPUS

---

MAY IT PLEASE THE COURT:

NOW INTO COURT comes Thomas LeBeau, (Petitioner/Plaintiff) in a pro se
capacity, who respectfully presents his " Memorandum of Law in Support of
Petition for Federal Habeas ", and who respectfully prays this Honorable
Court will accept and consider same in connection with his,
" Petition for Federal Habeas Corpus ", pursuant to 28 U.S.C.A. 2254.

## PROCEDURAL HISTORY

" THE PROCEDURAL HISTORY IN THIS CAUSE IS THE SAME AS STATED
PREVIOUSLY HEREIN:"

## STATEMENT OF FACTS

" THE STATEMENT OF FACTS IN THIS CAUSE IS THE SAME AS STATED
PREVIOUSLY HEREIN:

## FEDERAL QUESTION PRESENTED

Was petitioner denied the establishment of the Sixth Amendment of
the United States Constitution's Right to Effective Assistance of Counsel?

Did counsel violate the 6th Amendment command to communicate all
prosecution offers and to accept a plea on terms and conditions that may be

1

favorabley to the accused, and for the accused to fully understand, and
to be in his best *interest*, and agreed upon by all parties before a plea
can be executed?

3) Was counsel ineffective for not motioning the court for a continuance
or objecting to having to succeed through proceedings with an ill
defendant?

4) Did the La. Supreme Court err in dening plaintiff's application for
writs of certiomeari on the grounds of La. R.S. 930.8 Bar ?

## TIMELINESS OF THIS PETITION

A 1 - year period of limitation shall apply to an petition for a
writ of habeas corpus by a person in custody pursuant to the judgment of
a state court. The limitation shall run from the  (A) date on which the
judgment became final; (B) the date on which the impediment to filing an
application created by state action in violation of the constitution of
Laws of the United States is removed if, the applicant was prevented
from filing by such action; (C) the date on which the constitutional
right asserted was initially reconized by the Supreme Court and made
retroactively applicable to cases on collateral review, 28.U.S.C. 2244 d.1.

## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
## ARGUMENT OF LAW NUMBER ONE

The Sixth and Fourteenth Amendment of the United States Constitution
and Art. 1 Section 13 of the Louisiana Constitution guarentees defendants
like petitioner, there right to effective assistance of counsel for his
defense in criminal matters. ( See cuyler v. sullivan, 446 U.S. 335
100 S.Ct 1708 and U.S. v. Cronic, 466 U.S. 645.

To establish a claim of ineffective assistance of counsel. The courts
have established the landmark case of Strickland v. Washington, 466  U.S.
668 as the requirement to illustrate counsel's inoffectiveness i.e.;

There is a two pronge test to determine counsel's performance was
deficient, and did the deficiency prejudged defendant, and the outcome
would have been different.  See Boyd v. Ward, 179 F. 3d at 913.

The six amendment of the United States constitution do not merely
grant an accused to representation of counsel however, mandates the right
to have effective assistance throughout the judicial process, plea offers
and all critical stages of criminal proceedings; See Monteyo v.
Louisiana 556 U.S. 778, 786.

Furthermore, counsel owes his client the duty of advocating the
client's cause; See Strictland, 466 U .S. 688, see U.S.v Cronic,
466,648, see also Bell v. Cone, 535 U.S. 685, and Lockhert v. Fretwell
U.S. 113 S.Ct. 838, 122 L . Ed. 2d 180 (1993).   .

In light of Missouri v. Frye, 566 U.S. (2012), the United States
Supreme Court found that Fryes counsel performance was deficient
because the record is void of any evidence of any sort of effort by
trial counsel to communicate the offers to Frye during the offer window,
311 S.W . 3rd at 355, 356; Petitioner's predicament is identical.

In the instant case at Bar, Petitioner's counsel was ineffective,
and his performance was deficient because he failed to inform petitioner
of an existing plea offer during the offer window.

Counsel Gerald P. Archer responded to a letter from the Deputy
Disciplinary Counsel Mr. Williams N. King of the La. State Bar Assoc.
in reference to a missive forwarded by this petitioner.

In Mr. Archers Letter he stated;

"At one point in time he (petitioner) was offered fifty years on
each count concurrent with the fifty years he was currently
serving. He refused that offer."

"I had open file discovery and negotiated for a very lenient
sentence on these five counts of armed robbery. Mr. LeBeau
pled guilty over my objection. See exhibit A"

3

Though Mr. Archer asserts he was part of a negotiation process that a lenient sentence was reached in principle with negotiates. Petitioner that offer and later made another plea in which counsel objectioned to however, it is completely unsubstantiated in the records. Thus, the records show that all of counsel's statements were un-truee.

Furthermore, there is no record of a negotiation plea offer. As a general rule, defense counsel has the duty to communicate formal prosecutions offers to accept a plea on terms and conditions that may be favorable to the accused..... This is the first:

The difference between what the petitioner actually pled to and what counsel insinuates was negotiated is two hundred and fifty years. Logically, if petitioner seriously accepted a 250 year sentence as a plea, when a 50 year sentence was offered, counsel for the accused at that time should have **motioned** the Honorable Court for a sanity hearing on be-half of his client because apparently, the accused could not have been in a cognitive state of mind. However counsel's deficient performance prejured this defendant with a much harcher sentence, and the second prone have been demonstrated by petitioner. 250 years plea prejured defendant thus, the record is void of any evidence and effort by counsel to communicate the offer to petitioner. Standards for prompt communi-cation and consultation **recommended** by the American Bar Asso. and adopted by numerous states and Federal Courts, serves as important guides.
" First; A formal offer's terms and processing can be documented;"
" Second:States may require that all offers be in writing."
" Third; Formal offers can be made part of the record at any subsequent
  plea proceeding on or before trial to ensure that a defendant have been
  fully advised before the later proceeding commence. Petitioner avers
he was never offered a plea and the record is void of any such agreement
or rejecting of alleged offer. Counsel's performance was deficient.
The first prong of Strickland is/was not satisfied warrants relief,

Petitioner avers that the deficiency of his counsel's performance caused prejudice. Petitioner further avers that, the actual sentence received by petitioner (250 years), versus the alleged sentence negotiated by his counsel of ( 50 years to run CC with all 5 counts ).

Counsel's admission in his letter to Mr. King of the La. Bar Asso. was that, he negotiated a lenient sentence. Negotiated pleas are, agreed upon by all parties namely, the District ATTORNEY ,Judge, and defense counsel and client. To ommitt this agreement from the defendant then allow him to plea to a sentence five times more servere as one initially offered caused him prejudice like no assistance at all. Had counsel relate the initial plea offer to his client, he would have taken it. However, petitioner was not made aware that a plea offer existed. See exhibit B plea proceedings:

<u>ARGUMENT OF LAW NUMBER TWO</u>

Counsel was ineffective for not motioning the court for a continuance or objecting to the court for ordering the defense to proceed with an ill defendant thus, offering incompetent advise.

Petitioner avers that not only did his counsel's action undermine the proper functiong of the adversarial process, but he completely eliminated it as his conduct extends to plea offers and all other critical stages of the judicial process.

According to United States v. Cronic, 466 U.S. 648 ( 1984 ), bench mark for judging any claim of ineffectiveness must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having just results like in this case at Bar.

Counsel stated to the Bar Association that, on the day of trial, the petitioner advised him that he was feeling ill due to a bullet lodged in his skull, and he requested a continuance concerning his client's health. Counsel Gerald P. Archer stated the motion was denied, and

5

Counsel further stated, in open court, petitioner louly and clearly stated he wish to plea guilty so he can return home to Angola. Counsel states he objected to petitioner's request to plea guilty and the court noted the objection on record. ( see exhibit B plea proceeding, and exhibit C page 8. There is no record of counsel requesting for a continuance because of his client's health or any other reason. There is no record of a motion for continuance nor, of petitioner blurting out that he wish to plea guilty, nor an record of objection concerning petitioner pleading guilty. There is record of counsel abdication his client cause, advising him to waive all of his rights and, to plea to a sentence 5 times greater than what he would have received had he been informed of and accepted the original plea offer. There is also record of counsel orchestrating a letter to the Bar Association attempting to purge himself of illcit and unethical practices.

Under **G.T.A.** 138 ( GOOD TIME ACT ), petitioner accepted the plea of 50 years per count ( 5 counts ) to run concurrent to the sentence petitioner was already serving. Counsel never **explained** to petitioner what sentence would be imposed on 12-6-1993; The record would demand the boykinization , and review of petitioner's rights.... ..

Petitioner have shown the two prone test that counsel's deficiant performance prejured petitioner with a very much harsher sentence. For these reasons, petitioner's plea and convictions must be vacated in the interest of justice.


ARGUMENT OF LAW NUMBER 5
VIOLATION OF CONSTITUTIONAL RIGHTS

IN LIGHT OF STATE V. KENNER, 900 So 2d 948, 2004 - 1809 La.4th Cir., It was held that, the State do not deny it with held evidence and defendants Constitutional rights however, the court do not argue that it have been prejudice by the lateness of the Application thus, the Application is not time barred.

Furthermore, the U.S. Supreme Court held in Chapman and Teal v. California that, whether the conviction in State Court should stand

when the State has failed to accord Federal Constitutionally guarenteed rights such as, the right to due process. To be properly Boykinized to constitute a legal valid plea, see House v. Bell in the same magnitude in La. C.CR P. ART. 930.6. Petitioner avers that he invoked the Supervisory jurisdiction for his claims to be reviewed as stated in the La. Constitution Art. 1 **section** 19. " no person shall be subjected to imprisonment or forfeiture of rights or property, with **out** the right to judicial review based upon a complete record of all of the evidence upon a complete record. Rights **may** be int**e**lligently **Waived.**

In this instant case at bar, the Louisiana Supreme Court erred in denying petition's Writ of Cert. **via** La. Art. 930.8 when this petitioner have established his right to review. Petitioner is requesting from this court to remand this case back to the La. Supreme Court to invoke petitioner's right to review.

CONCLUSION AND PRAYER

WHEREFORE, PREMISES, OF PETITIONER CONSIDERATION:

PETITIONER, THOMAS L. LeBEAU, respectfully prays that this HONORABLE COURT will accept his foregoing Memorandum of Law in Support of Petition for FEDERAL **HABEAS** CORPUS and consider same in concert with his application for Federal Habeas Corpus pursuant to 28 U.S.C.A. 2254.

Petitioner, further prays that this HONORABLE COURT, after due consideration of the law and the facts presented by petitioner in these proceedings, that petitioner is granted federal habeas corpus and that his underlying state conviction is void/remanded/vacated /and set aside.

Respectfully submitted,

*Thomas LeBeau #108525*

Thomas L. LeBeau 108525

CERTIFICATE OF SERVICE

I Thomas L. LeBEAU, hereby certify that a true and correct copy of the foregoing has been served upon the respondent herein, through the District Attorney, Parish of Jefferson by placing same in the Institution's Legal Mail System this _17_ day of _MARCH_ ,2014.

Respectfully Submitted;

*Thomas LeBeau #108525*

Thomas L. LeBeau 108525
La. State Penitentiary
M.P.W. HIC. 4
Angola, La. 70712

# EXHIBIT – A
## Mr. Gerard P. Archer's
## Letter

GERARD P. ARCHER
ATTORNEY AT LAW
3525 N. CAUSEWAY BOULEVARD
SUITE 701
JEFFERSON GUARANTY BANK BUILDING
METAIRIE, LOUISIANA 70002

FILED 6-16-15 BY: J-B

NOTARY PUBLIC

June 15, 1995

FILE: 620.5a BY: B K

(504) 833-3036
FAX 837-1162

William N. King
Deputy Disciplinary Counsel
Office of the Disciplinary Counsel
Louisiana State Bar Association
601 St. Charles Avenue
4th Floor
New Orleans, LA   70130



RECEIVED
JUN 16 1995
OFFICE OF
DISCIPLINARY COUNSEL

Re:   Respondent:  Gerard P. Archer
      Complainant:  Thomas LeBeau
      File # 95-0652

Dear Mr. King:

In response to your letter of May 22, 1995, please be advised that I was appointed to represent Thomas LeBeau while under contract to the Indigent Defender Board for the 24th Judicial District Court, Parish of Jefferson.  Please be advised that in the course of my representation, I visited Mr. LeBeau at Angola, got the names of his alibi witnesses for the five counts of armed robbery and had subpoenas issued.  On the day of trial Mr. LeBeau arrived from Angola complaining of a headache, stating he had a bullet lodged in his skull.  I requested a continuance based upon the fact that the defendant was feeling ill due to his physical condition and unable to assist me in trial.  That motion was denied.  At that point Mr. LeBeau was facing five counts of armed robbery and was currently serving fifty year sentence from Orleans Parish for the same offense.  At one point in time he was offered fifty years on each count to run concurrent with the fifty years he was currently serving.  He refused that offer.

After my motion to continue was denied, Mr. LeBeau stated loudly and clearly that he wished to plead guilty so that he could return home to Angola.  I told him that if he was to plead guilty at that point in time the previous offer was no longer was on the table and he would be sentenced to fifty years on each count, consecutive and consecutive to the sentence he was currently serving.  He stated that he did not care.  I voiced my objection to Mr. LeBeau's guilty plea and Judge Walter Rothin, Division "D".

Exhibit A

Page 2

noted my objection.   He then proceeded to accept **Mr.** LeBeau's guilty plea and went through the procedure.

I had open file discovery and had negotiated for a very lenient sentence on these five counts of armed robbery. Mr. LeBeau pled guilty over my objection.  I have discussed this with Judge Walter Kollin and he would be happy to respond to any inquiry you may make of him.   Should you need any additional information, please do not hesitate to contact the undersigned.

Sincerely

GERARD P. ARCHER

GPA:vmb

# EXHIBIT – B

## Copy of Plea Proceedings
## and Exhibit

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

STATE OF LOUISIANA          NUMBER 93-684

VERSUS                  DIVISION "D"

THOMAS LEBEAU

            Proceedings taken in the above-entitled and numbered cause, before the Honorable Walter E. Kollin, Judge on the 6th day of December, 1993.

APPEARANCES:

      Attorney for the State of Louisiana:
      ALFRED OLINDE, JR., ESQ.
      GEORGE HESSE, ESQ.

      Attorney for the Defendant:
      GERARD ARCHER, ESQ.

REPORTED BY:

      JEROLYN GISEVIUS, O.C.R., C.S.R.

1

ExHibit -(B)

P R O C E E D I N G

1
2   THE COURT:
3
4               All right, at this time, for the
5       record, let's take up the jail matter.
6               We have Mr. Archer on behalf of --
    MR. ARCHER:
7
8               Thomas Lebeau, Your Honor.
    THE COURT:
9
10              Mr. Lebeau, stand up, raise your
        right hand.
11  Whereupon,
12
13              THOMAS LEBEAU,
    was called and after having been first duly sworn,
14  was examined and testified on his oath as follows:
15  MR. ARCHER:
16
17              For the record, Your Honor, Gerard
18      Archer representing Thomas Lebeau.  At
        this time, the Defendant withdraws his
19      formal plea of not guilty and tenders to
20      the Court a plea of guilty as charged to
21      five counts of armed robbery.
22              He has been duly Boykinized.  He has
23      had all of his motions explained to him.
24      There are outstanding motions for a
25      physical line-up; Motion for Discovery,
26      which has been satisfied; Motion to
27      Suppress Identification; Motion to
28      Suppress Confession, which are hereby
29      withdrawn.  He does tender, again, the
30      plea of guilty to five counts of armed
31      robbery.
32  THE COURT:

2

1               So, all motions are either satisfied

2        or either withdrawn?

3  MR. ARCHER:

4               Or withdrawn, correct.

5  MR. HESSE:

6

7               Also, may it please the Court,

        George Hesse on behalf of the State of

8        Louisiana.

9

10              Your Honor, there was also a Motion

        to Suppress Evidence, which I

11        understand is outstanding.

12  MR. ARCHER:

13              That's correct.  That is also

14        withdrawn.

15  THE COURT:

16

17              All right, so all outstanding

        motions, again, are either withdrawn or

18        are satisfied?

19  MR. ARCHER:

20              Yes, sir.

21  THE COURT:

22              Mr. Lebeau, you are 25 years old?

23  THE DEFENDANT:

24              Yes.

25  THE COURT:

26              Can you read and right English?

27  THE DEFENDANT:

28              Yes.

29  THE COURT:

30              Stop me if you don't understand

31        anything I tell you at this time.

32              You've talked with your lawyer, Mr.

1  Archer, and have discussed this plea and
2  you understand your rights before the
3  Court and you've given Mr. Archer all the
4  information in connection with these
5  counts, is that right?
6  THE DEFENDANT:
7  Yes.
8  THE COURT:
9  Do you understand that at this time
10  you're pleading guilty to --
11  How many counts?
12  MR. ARCHER:
13  Five (5).
14  THE COURT:
15  -- five (5) counts of armed robbery.
16  Do you understand that?
17  THE DEFENDANT:
18  (Response inaudible)
19  THE COURT:
20  I have to hear you.
21  THE DEFENDANT:
22  I understand.
23  THE COURT:
24  You understand that you are
25  presently serving a sentence that comes
26  out of the Parish of Orleans for how many
27  counts of armed robbery?
28  MR. HESSE:
29  I believe it's ten (10), Judge.
30  MR. ARCHER:
31  Ten (10), Your Honor.
32  THE COURT:

4

And that you are presently, as I
understand, under a sentence of fifty (50)
years hard labor without benefit of
parole, probation or suspension. Is that
correct?

MR. HESSE:

May it please the Court, Your Honor,
I believe it was forty-nine and half (49
1/2).

THE COURT:

Forty-nine and a half (49 1/2) years
without parole, probation, or suspension.
Is that correct, Mr. Archer?

MR. ARCHER:

Yes, Your Honor.

THE COURT:

And, Mr. Lebeau, you understand
that, is that correct?

THE DEFENDANT:

(Response inaudible)

THE COURT:

I have to hear you.

THE DEFENDANT:

Yeah, yeah.

THE COURT:

You understand that if I accept your
plea in this case, I will sentence you --
because of the severe sentence you're
under and the severe crimes you have
committed in the past and considering the
sentencing guidelines, obviously you don't
deserve much consideration for a reduction

5

1    in sentence.  I will sentence you in
2    connection with this matter --
3        The count being five (5) armed
4    robberies, is that correct?
5    MR. ARCHER:
6        Yes, Judge.
7    THE COURT:
8        -- to fifty (50) years hard labor
9    without benefit of parole, probation, or
10   suspension of sentence on each of the five
11   (5) counts.  That will be a consecutive
12   sentence.  Do you understand that?
13   THE DEFENDANT:
14       All right.
15   THE COURT:
16       You do?  Do you understand that
17   you're pleading to felonies and that the
18   sentence of this Court as indicated
19   will be a total of fifty (50) times five
20   (5) consecutive.  Do you understand, hard
21   labor without benefit of parole, probation
22   or suspension?
23   MR. ARCHER:
24       Judge, at this point I would ask for
25   a verbal response from the Defendant.
26   THE COURT:
27       All right, I thought he had.  Do you
28   understand that?
29   THE DEFENDANT:
30       All right.
31   THE COURT:
32       All right.  Do you understand by

6

1
2
    pleading guilty, you're telling me you are
    guilty?

3 THE DEFENDANT:

4
     Yes.

5 THE COURT:

6
7
8
9
10
11
     Do you understand by pleading guilty
you're waiving or giving up all of your
rights before this Court, specifically to
trial by jury, to confront your accusers,
and to have the witnesses cross-examined?
Do you understand that?

12 THE DEFENDANT:

13
    (Response inaudible)

14 THE COURT:

15
    You do?  I can't hear you.

16 THE DEFENDANT:

17
    Yeah, yeah.

18 THE COURT:

19
20
21
22
    All right.  In connection with this
matter, Mr. Archer, would you execute this
document as the attorney for the
Defendant?

23
24
25
26
27
    All right, again, Mr. Lebeau, you
are telling me that you did commit these
robberies and you understand, if I accept
your plea, what sentence I will impose.
Is that right?

28 THE DEFENDANT:

29
    Yeah, yeah.

30 THE COURT:

31
32
    In connection with this matter the
Court accepts the plea entered today

7

```
 1              finding the Defendant knowingly, freely
 2              and willingly entered same being fully
 3              aware of his rights before the Court.
 4              It's my understanding that the Defendant
 5              is presently serving his sentence of fifty
 6              (50) years in Angola, is that correct?
 7   MR. ARCHER:
 8              Yes, Your Honor.
 9   THE COURT:
10              Are delays waived?
11   MR. ARCHER:
12              Yes, Your Honor.  For the record,
13              Your Honor, I appeared this morning ready
14              to go to trial.  This plea was at the
15              Defendant's request.  At no point was he
16              ever asked by me to make the plea.  We
17              waive all delays for sentencing and ask
18              for immediate imposition of sentence.
19   MR. HESSE:
20              Can we approach, Judge?
21   THE COURT:
22              Yes.
23   (Whereupon, the following on-the-record sidebar
24   discussion was held.)
25   MR. HESSE:
26              I didn't hear you give the right to
27              remain silent, jury trial and
28              confrontational cross-examination.  You're
29              going to have to do that --
30   THE COURT:
31              I thought I did, but I'll do it
32              again.
```

1    MR. ARCHER:

2            I didn't hear it.  I wasn't paying
3        attention.  I apologize.

4    THE COURT:

5            Okay, I'll do it.

6    MR. HESSE:

7            You may have --

8    THE COURT:

9            That's all right.

10   (Whereupon, the sidebar discussion was concluded.)

11   THE COURT:

12           All right, Mr. Lebeau, let me again
13       for the record -- Mr. Lebeau, pay
14       attention to what I tell you.

15           You are, again, being advised by the
16       Court, although I think I've done it
17       before, that you're waiving by pleading
18       guilty your right to go to trial before a
19       jury, your right to cross-examination,
20       your right to confront your accusers and
21       to have your attorney represent you at
22       trial.  You understand you're waiving
23       those rights?

24   THE DEFENDANT:

25           Yeah.

26   THE COURT:

27           All right.  Anything else?

28   MR. ARCHER:

29           Delay is waived, Your Honor.

30   MR. HESSE:

31           Remain silent.

32   THE COURT:

9

1    And you understand that you do have
2    a right to remain silent, but you have
3    waived that right? You understand that?
4  THE DEFENDANT:

5        (Response inaudible)
6  THE COURT:

7        Is that right?
8  THE DEFENDANT:

9        Yeah.
10 THE COURT:

11       All right. Formally, for the
12 record, the Court considering your prior
13 history, the fact that you're serving
14 forty-nine and a half (49 1/2) years for
15 armed robberies and are pleading guilty to
16 five (5) armed robberies today, the formal
17 sentence of this Court is fifty (50) years
18 at hard labor on each of the five (5)
19 counts to be served without benefit of
20 parole, probation or suspension of
21 sentence. This will be a consecutive
22 sentence and you're remanded to the
23 appropriate authorities.
24       Thank you, Mr. Archer.
25 MR. ARCHER:

26       Thank you, Your Honor.
27 MR. HESSE:

28       Thank you, Your Honor.
29       *    *    *    *    *
30
31
32

10

1          C E R T I F I C A T E

2          I, Jerolyn Gisevius, Official Court

3    Reporter, do hereby certify the above and foregoing

4    10 pages are a true and correct transcription by me

5    of my Stenographic Notes taken in the matter of

6    STATE OF LOUISIANA VERSUS THOMAS LEBEAU, Number 93-

7    684, on the docket of this Court on the 6th day of

8    December, 1993, before the Honorable Walter E.

9    Kollin, Judge, presiding.

10

11

12

13          JEROLYN GISEVIUS,
          Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

11

# EXHIBIT - C

## Copy of Federal District Court
## Eastern District of Louisiana
## Review of the Records

FILED
U.S. DISTRICT COURT
1999 JAN 13  P 12: 13
LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS LEBEAU

VERSUS

BURL CAIN, WARDEN

CIVIL ACTION

NO. 98-3039

SECTION "H"

### ORDER AND REASONS

Petitioner's *pro se* petition for post conviction relief pursuant to 28 U.S.C. §2254 was considered on memoranda. Upon review of the entire record, including the state court record, it is clear that the record is sufficient for the purpose of adjudicating petitioner's claim, that a federal evidentiary hearing is not necessary, and that the petition should be dismissed for the following reasons.

Thomas LeBeau is a state court prisoner who pleaded guilty to five counts of armed robbery (La. Rev. Stat. 14:64) and was sentenced to a fifty (50) year term of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on

DATE OF ENTRY ___ **JAN 13 1999** ___

Fee_____
Process_____
X  Dktd___7BL__
___ CtRmDep_____
Doc. No.____

*ExHibit- C*

each count to run consecutively.[1]  Petitioner did not appeal his conviction.

Petitioner filed an application for *habeas corpus* relief with the state trial court.  The petition was denied.  *State v. LeBeau,* No. 93-684 (24th Judicial District Court, May 23, 1996).  The state court of appeals denied writs.  *State v. LeBeau,*  No. 97-KH-356 (La. App. 5th Cir., April 28, 1997).  Petitioner did not seek writs from the Louisiana Supreme Court.

Thereafter, petitioner filed a "Motion for Production of Documents" with the state trial court seeking a transcript of his counsel's motion to continue petitioner's trial date, allegedly made the day petitioner entered his guilty plea.  The motion was denied.  *State v. LeBeau,*  No. 93-684 (24th Judicial District Court, November 17, 1997).  Petitioner sought reconsideration of that ruling; reconsideration was denied.  *State v. LeBeau,* No. 93-684 (24th Judicial District Court, February 7, 1998).  The state court of appeals denied petitioner's application for writs.  *State ex rel Thomas LeBeau v. Warden, Burl Cain,* (La. App. 5th Cir. March

---

[1] These sentences are to run consecutive to one another and to the fifty (50) year term of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence that petitioner was serving at the time he was sentenced for the convictions he seeks to vacate in this application for *habeas corpus* relief.

19, 1998). The Louisiana Supreme Court denied petitioner's writ application. *State ex rel Thomas LeBeau v. Louisiana*, No. 98-KH-1038 (September 18, 1998), *reconsideration denied*, October 30, 1998.

Petitioner contends that his conviction must be vacated because he was incompetent at the time he entered his guilty plea, thereby rendering his guilty plea involuntary. Petitioner raised this claim in the state court proceedings described above. Therefore, he has exhausted available state court remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). *soe sponte?*

## MOTION TO EXPAND THE RECORD

After filing this application, petitioner moved to expand the record to file various medical records and a copy of a June 15, 1995, letter from Gerald Archer to William N. King. Because the documents sought to be filed in the record are already included in the state court record, the motion to expand the record is denied.

## TIMELINESS OF THE APPLICATION

Where, as here, the conviction challenged in an application for *habeas corpus* relief became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), P.L. 104-132, 1996 U.S.C.C.A.N. (110 Stat.) 1214, 121, a

3

petitioner seeking relief has until one year from the effective date of the AEDPA to file an application for federal *habeas* relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998); *Flannagan v. Johnson*, 154 F.3d 196, 200 n.3 (5th Cir. 1998).

28 U.S.C. 2244(d)(2) provides that the time during which a "properly filed application for State post-conviction" review is pending shall not be counted toward any limitations period under §2244(d)(2). On the effective date of the AEDPA, petitioner did not have an application for post conviction relief pending in a state court. However, he subsequently filed an application for post conviction relief with the state trial court.

May 2, 1996, is the earliest date on which that application can be considered filed with the state trial court.[2] The trial court denied the application 22 days later on May 23, 1996. Thus petitioner is entitled to 22 additional days beyond April 24, 1997 within which to timely file his application for federal *habeas*

---

[2] Under the "mailbox" rule, pleadings filed by prisoners acting *pro se* are considered filed on the date that prison officials receive the pleading from the plaintiff for delivery to the court. *Lara v. Johnson*, 141 F.3d 239, 241, n. 2 (5th Cir. 1988); *Cooper v. Brookshire*, 0 f.3d 377, 379 (5th Cir. 1995); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993). Although nothing in the record indicates the date petitioner tendered his application to prison officials, petitioner signed and dated the application on May 2, 1996. Thus, May 2, 1996 is the earliest date on which the application could have been filed.

4

relief.    Additionally, petitioner had an application for post conviction relief pending in the state court of appeals from April 14, 1997 until April 28, 1997, when the state court of appeals denied the writ. Petitioner thus had an additional 15 days or a total of 37 days, beyond April 24, 1997, within which to timely file his application.

*reason*

*Why*

    LeBeau did not file his application for federal *habeas corpus* relief until more than a year after the end of the one year grace period for filing federal *habeas corpus* applications involving convictions which were final prior to April 24, 1996.  Thus, the application is time barred under 28 U.S.C. §2244.

    I note that following the denial of petitioner's application for writs in April 1997, petitioner filed a motion for production of documents in state court.  However,  the time during which that motion and proceedings related to that motion were pending in state court does not toll the one year grace period for filing a petition for federal *habeas corpus* relief because that motion is not a properly filed application for state *habeas corpus* relief under 28 U.S.C. §2244(d)(2).

*why?*

    Alternatively, even if petitioner's application for federal *habeas corpus* relief is timely, he is not entitled to relief on the

5

merits.

STANDARD OF REVIEW

The AEDPA mandates that claims adjudicated on the merits in state court proceedings are subject to the following standards of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

In *Drinkard v. Johnson*[1] the Fifth Circuit Court of Appeals

---

[1] 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, ____ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997), *overruled in part on other grounds, Lindh v. Murphy*, ____ U.S. ____, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (*Lindh* effectively overrules the holding in *Drinkard* that the amendments to chapter 153 of Title 28, governing all habeas proceedings, apply to petitions for relief pending on the effective date of the statute). This application for habeas relief was filed after the effective date of the amendments to chapter 153 of Title 28.

analyzed the standards of review set out in the AEDPA and held that
when reviewing questions of fact which were previously adjudicated
on the merits by a state court, a federal court may grant habeas
relief only "if the state court adjudication of the claim `resulted
in a decision that was based on an unreasonable determination of
the facts in light of the evidence,'" *Id.* (Citing 28 U.S.C.
§2254(d)(2)). As for questions of law, "a federal court may grant
*habeas* relief only if it determines that a state court's decision
rested on a legal determination that was contrary to . . . clearly
established Federal law, as determined by the Supreme Court." *Id.*
at 7○8. Where a mixed question of law and fact is being reviewed,
"a federal court may grant *habeas* relief only if it determines that
the state court decision rested on `an unreasonable application of
[] clearly established Federal law, as determined by the Supreme
Court of the United States,' to the facts of the case." *Id.* at 768
(*quoting* 28 U.S.C. 2254(d)(1)).    The Fifth Circuit further
explained the standard of review applicable to mixed questions of
law and fact as follows: "[A]n application of law to facts is
unreasonable only when it can be said that reasonable jurists
considering the question would be of one view that the state court
ruling was incorrect. In other words, we can grant *habeas* relief
if a state court decision is so clearly incorrect that it would not

7

be debatable among reasonable jurists." *Id.* at 769.

## BACKGROUND

On the day petitioner's trial was scheduled to begin, he complained that he was experiencing severe pain. Petitioner alleges that the pain was due to a migraine headache and the presence of bullet fragments in his head.[4] Petitioner also alleges that he was concerned that he would have an epileptic seizure during his trial. Petitioner's counsel apparently moved to continue the trial on the ground that petitioner's physical condition rendered him unable to assist counsel at trial. The trial judge apparently denied the motion.[5] Petitioner then elected to plead guilty, allegedly against the advice of counsel.[6]

---

[4] Medical records confirm the presence of bullet fragments in petitioner's head.

[5] No transcript of the motion to continue is in the record, and the court's minutes make no mention of the motion. However, petitioner's counsel, in a letter to the Deputy Disciplinary Counsel of the Office of Disciplinary Counsel, stated "I requested a continuance based upon the fact that the defendant was feeling ill due to his physical condition and unable to assist me in trial. That motion was denied."

[6] Petitioner states that he entered his guilty plea against the advice of counsel. Counsel's letter to the Deputy Disciplinary Counsel states "I voiced my objection to Mr. LeBeau's guilty plea and Judge Walter Kollin, Division "D" noted my objection." Nothing in the record notes counsel's stated objection.

8

Petitioner executed a "Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty."  In that acknowledgement petitioner's counsel certified that he had advised petitioner of his constitutional rights and that he was "entirely satisfied that the defendant knowingly, willingly, intelligently, and voluntarily" entered a plea of guilty with full knowledge of the consequences.  Counsel also certified that he knew "of no reason, physical or mental, why the defendant should not be deemed competent to enter the plea."  Following entry of the guilty plea, petitioner waived his sentencing delays and was immediately sentenced.

Subsequently the state filed a multiple bill against petitioner.  The multiple bill was ultimately dismissed.

## INVOLUNTARY GUILTY PLEA

Petitioner contends that his guilty plea was not voluntarily, knowingly and intelligently entered because at the time he entered the plea he was physically and emotionally incompetent due to severe pain from a migraine headache and because he feared that he was about to suffer an epileptic seizure.  *Habeas* relief can be granted only if in rejecting this claim raising a mixed question of law and fact the state court unreasonably applied clearly established federal law to the facts.

9

"A federal habeas court will uphold a guilty plea if it was knowing, voluntary and intelligent." *Hentz v. Hargett*, 71 F.3d 1169, 1176 (5th Cir. 1996), *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985). Petitioner has not offered any evidence that he was mentally incompetent at the time he entered his guilty plea. The trial judge was present throughout the proceedings and had the opportunity to observe petitioner's actions and hear any statements LeBeau may have made.  In signing the "Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, the state judge noted the following:

> I, as Judge, have entered into the foregoing colloquy with the defendant.  I am entirely satisfied that the defendant is competent to enter this plea agreement

The trial judge made a factual finding that petitioner was competent to enter a guilty plea.  A factual finding of competence by the state court is presumed to be correct.  28 U.S.C. §2254(e)(1).  Petitioner has not offered "clear and convincing evidence" rebutting that presumption. *Id.*  Petitioner's claim lacks merit.

New Orleans, Louisiana this 12th day of January.

UNITED STATES DISTRICT JUDGE

STATE

All STATE Appeals

And EXHibits.

# The Supreme Court of the State of Louisiana

STATE EX REL. THOMAS LEBEAU

VS.

NO.  2013-KH-0983

STATE OF LOUISIANA

- - - - - -

IN RE:  LeBeau, Thomas; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of Jefferson,  24th Judicial District Court
Div. D, No. 93-684; to the Court of Appeal, Fifth Circuit, No.
13-KH-146;

- - - - - -

October 11, 2013

Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State,
93-2330 (La. 9/5/95), 660 So.2d 1189.

JPV

BJJ

JTK

JLW

GGG

MRC

JDH

Supreme Court of Louisiana
October 11,2013

*Rachel Edelman*

**Deputy**        Clerk of Court
           For the Court

**COURT RULES**
APPENDIX C. SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

No._____

### TO BE COMPLETED BY COUNSEL
### or PRO SE LITIGANT FILING APPLICATION

TITLE

THOMAS LEBEAU _____

VS.

N. BURL CAIN, LA. STATE PRISON _____

Applicant: THOMAS LEBEAU
Have there been any other filing in this
Court in this matter? [ ] Yes  [ X ] No

Are you seeking a Stay Order? _____ No
Priority Treatment? ___ No
If so you MUST complete & attach a
Priority Form

### LEAD COUNSEL PRO SE LITIGANT INFORMATION

APPLICANT:
Name: THOMAS LEBEAU #108525
Address: CBA-L/R-#3
La. State Penitentiary, Angola, LA 70712-9818

RESPONDENT:
Name: Paul Connick, Jr
Address: 200 Derbigny St.
Gretna, La. 70053

Phone: N/A   Bar Roll No. N/A
Unknown

Phone: Unknown   Bar Roll No.

Pleading being filed: [ X ] In Proper Person,        [ ] In Forma Pauperis
Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they represent.

### TYPE OF PLEADING

[ ] Civil, [ X ] Criminal, [ ] Bar, [ ] Civil Juvenile, [ ] Criminal Juvenile, [ ] Other

### ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court: _____   Docket No. _____
Judge/Commission/Hearing Officer: _____   Ruling Date: _____

### DISTRICT COURT INFORMATION

Parish and Judicial District Court: Jefferson Parish, Twenty-fourth District   Docket   Number:
93-684
Judge and Section: "D"   Date of Ruling/Judgement: MAY 23, 1996

### APPELLATE COURT INFORMATION

Circuit: FIFTH Circuit   Filing Date: UNKNOWN
13-KH-146                                        Docket Number:
Applicant in Appellate Court:   Thomas Lebeau
Ruling Date: 4-1-13   Panel of Judges: ROBERT CHAISSON, FREDERICKS WICKER, HANS
LILJEBERG   En Banc: [ ]

### REHEARING INFORMATION

Applicant: _____   Date Filed: _____   Action on Rehearing: _____
Ruling Date: _____   Panel of Judges: _____
En Banc: [ ]

### PRESENT STATUS

[ ] Pre-Trial, Hearing/Trial Scheduled Date: _____ [ ] Trial in Progress, [ X ] Post Trial
Is there a stay now in effect? __ No __ Has this pleading been filed simultaneously in any other court?
NO If so, explain briefly _____

### VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing. I further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other counsel and unrepresented parties.

Thomas A. LeBeau #108525
SIGNATURE

**In The**
**Supreme Court**
**State of Louisiana**

======================

Docket No: _____

======================

Thomas LeBeau  (Petitioner),

Vs.

N. BURL CAIN, Warden (Respondent).

_____

# APPLICATION FOR WRIT OF CERTIORARI AND/OR REVIEW

_____

From the 5th Circuit Court of Appeal
denial to grant a Writ of Review,
Docket No. 13-KH-146
* * *
To the 24th Judicial  District Court, Parish of Jefferson
Docket No. 93-684 Honorable Walter J. Rothschild/Robert Murphy, Judge Div."D"

denial to grant Post-Conviction Relief

_____

Respectfully submitted,

*Thomas LeBeau* #108525
Thomas LeBeau #108525
General Delivery
Louisiana State Penitentiary
Angola, LA  70712

# TABLE OF CONTENTS

PAGES:

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ........................................................... ii

WRIT GRANT CONSIDERATION .................................................. iii

QUESTION OF LAW PRESENTED.................................................1

SUPPORTING MEMORANDUM WRIT APPLICATION.................................2-10

STATEMENT OF JURISDICTION .................................................2

STATEMENT OF THE CASE ......................................................2

STATEMENT OF FACTS .........................................................2

POST-CONVICTION PROCEEDING ...............................................3

STANDARD OF REVIEW .........................................................4

REASONS FOR REVERSING THE TRIAL COURT'S JUDGMENT AND CIRCUIT COURT JUDGMENT.............................................................4

WHAT CONSTITUTES A NEW RULE ...........................................4,5

CLAIM NUMBER ONE ..........................................................6-10

CONCLUSION .................................................................11

CERTIFICATE OF SERVICE ....................................................11

VERIFICATION OF WRIT APPLICATION ........................................12

EXHIBITS SUPPORTING APPLICATION..........................................13-21

i

## TABLE OF AUTHORITIES

**CASE LAW**                                                                    **PAGES:**

Missouri v. Frye, 566 U.S. ___ (3/21/12) ............................................ 4,5,6,8

Lafler v. Cooper, 566 U.S. ___ (3/21/12) ............................................... 4

Teague v. Lane, 489 S.Ct. 288, 307 (1989) ............................................. 5

Diesel Driving Academy, Inc, v. Ferrier, 563 So.2d 898, 903 (La. App. 2 Cir. 1990)............................................................................................ 4

Teague v. Scott, 60 F. 3rd 1167. 1171 (5th Cir. 1995) ................................ 4

Padilla v. Kentucky, 559 U.S. __ 2010............................................... 4

Hill v. Lockhart, 474 U.S. 52 (1985)................................................. 4

Montey v. Louisiana, 556 U.S. 778, 786............................................ 7

Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052, (1984) ................... 7,8

United States v. Cronic, 466 U.S. 648 (1984)..................................... 9

**STATUTORY LAW**

LSA-CONST. ARTICLE V, § 5 (1974)................................................. 2

SIXTH AMENDMENT OF THE UNITED STATES CONST.......................... 6,7

LSA-C.CR.P.  ART.  930.2............................................................. 1

LSA-R.S.   14:64................................................................... 2

La. C.Cr.P. art. 930.8 (A)(2)...................................................... 3,5,6

La. C.Cr.P. art. 930.8 (A)(1)(2)...................................................

## WRIT GRANT CONSIDERATION
### Rule 10 Section 5

The decision of the Louisiana Court of Appeal 5th Circuit is a departure from proper judicial proceeding as to cause for this most honorable court to exercise its supervisory authority.

Relator is suffering from a wrongful disposition of the law when the 24th Judicial District Court Judge Walter J. Rothschild/Robert Murphy denied his application for post conviction relief. What's more the Court of Appeal 5th Circuit denied relator's application for writ of review, Prohibition and Mandamus, stating; "relator has not shown that is application for post conviction relief falls under the exception pursuant to La.C.Cr.P. Art. 930.8 (A) (1)(2)." The application deals with New Rule of Law, Ineffective Assistance of Counsel.

A departure of this nature calls for this court to exercise it's supervisory authority and review the court of appeal erroneous decision to deny Mr. LeBeau's Writ of Review where the record before the Hon. Robert Murphy clearly reflects Mr. LeBeau has met the exception of La.C.Cr.P. Art. 930.8 (A)(1)(2). Moreover, petitioner met the one (1) year limitation to file the application into the District Court. The United States Supreme Court clearly stated that *both Frye* and *Cooper* are new general rule. *Missouri v. Frye*, 566 U.S. ___ (3/21/12) and *Lafler v. Cooper*, 566 U.S. ___ (3/21/12).

iii

## PETITIONER PRESENT THE FOLLOWING CLAIM FOR RELIEF

## ISSUE NO.: 1

## INEFFECTIVE ASSISTANCE OF COUNSEL

## <u>QUESTION OF LAW PRESENTED</u>

Did the Trial Court Erred in Denying Petitioner's Application for Post-Conviction Relief, as well as the Circuit Court?

*Relator affirmatively answers: Yes.*

Did the Trial Court Erred in Denying Petitioner's Application for Post-Conviction Relief without the benefit of an evidentiary hearing; under the circumstances in which Petitioner clearly and specifically alleged facts, which, if proven to be true, would have entitled him to constitutional relief, as well as the Circuit not remanding the case back to the District Ciurt?

*Relator affirmatively answers: Yes.*

Was the trial Judge decision contrary to; an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, on Petitioner's Ineffective Assistance of Counsel claims under *Strickland v. Washingtion*? Did the trial court erred in denying Petitioner's Application stating that he failed to meet his burden of proof under La.C.Cr. P., art. 930.2?

*Petitioner affirmatively answers: Yes.*

1

NO. _____

IN THE
SUPREME COURT
STATE OF LOUISIANA

THOMAS LEBEAU,
*Applicant/Relator,*

VERSUS

N. BURL CAIN, Warden,
Louisiana State Penitentiary;
STATE OF LOUISIANA,
*Respondent.*

## APPLICATION FOR WRITS OF CERTIORARI

MAY IT PLEASE THE COURT:

The Application of Thomas Lebeau, Relator, respectfully represents:

### STATEMENT OF JURISDICTION

The jurisdiction of this Court in the instant case is grounded upon **Article V, Section 5** of the Louisiana Constitution of (1974).

### STATEMENT OF THE CASE

Petitioner was charged by Bill of Information with five (5) counts of Armed Robbery, a violation of LA.-R.S.-14:64. Petitioner originally pled not guilty on December 6, 1993. Petitioner later withdrew his initial pled and entered a plea of guilty as charged to all five counts of Armed Robbery. Petitioner was subsequently sentenced to fifty (50) years on each count and ordered to serve them consecutively. As well as serve consecutive to a prior sentence issued by another.

### STATEMENT OF THE FACTS

Petitioner arrived at court on December 6, 1993, scheduled to be tried on five (5) counts of Armed Robbery. Upon petitioner's arrival, he immediately related a dangerous and grave medical condition to his counsel, to wit: that the petitioner had a bullet lodged in his skull and at that moment, he was suffering from a migraine that

2

was so severe, that he would be susceptible to a seizure - which was a medical condition that had already occurred on numerous occasions due to the head trauma petitioner sustained.

Seeking counsel's aid, petitioner awaited his counsel's return from a private discussion between counsel, the assistance district attorney, and the judge and ▆▆ ▆▆▆ told petitioner that everything would be fine, just agree to everything asked.

Petitioner accepted his counsel's advice with the understanding that soon as the judicial proceedings were finalized, he'd be given medical attention. So as instructed, petitioner waived all of his rights and pled guilty as charged.

## POST-CONVICTION PROCEEDING:

Petitioner filed his first application for post-conviction relief into the Honorable 24th Judicial District Court in (1996), which was denied May 23, 1996 by the district court. *(See: exhibit A with the denial)*. Thereafter, the petitioner filed his Supervisory Writ of Review into the 5th Circuit Court of Appeal that was also denied. *(See: exhibit B)*. Thereafter petitioner filed into the La. Supreme Court for Writ of Certiorari that was also denied. *(See: exhibit C)*.

On November 29, 2012, petitioner filed his second post-conviction relief application timely requesting relief under La.C.Cr. P., art. 930. 8. (A) (2). (See **Application as Exhibit D, see also the District Court's Ruling, attached hereto as Exhibit D)** denying application for post-conviction relief.

Petitioner is not at fault since, Judge Robert Murphy, has not fixed a return date, when Petitioner clearly filed his notice on time, as required under rule 4-2. On this point, Mr. Lebeau has cited unique circumstances which are beyond his control and therefore, should be allowed to proceed. Now, after being denied 4/1/13, NO. **13-KH-146**, by the 5th Circuit Court of Appeal, petitioner now seek Writ of Certiorari. (See: **Exhibit "E, with the court ruling")**

3

## STANDARD OF REVIEW:

This Court review of a question of law is simply a decision as to whether the lower court decision is legally correct or incorrect.  This has been referred to as an abuse of discretion standard.  *Diesel Driving Academy, Inc, v. Ferrier*, 563 So.2d 898, 903 (La. App. 2 Cir. 1990). The standard is nothing more or less than the manifestly erroneous or clearly wrong criteria used by an appellate court in reviewing a trial court's factual findings.

This matter is now before this Honorable Supreme Court for a full review on the merits presented herein.

## REASONS FOR REVERSING THE TRIAL COURT'S JUDGMENT AND THE CIRCUIT COURT'S JUDGMENT

Applicant contends, that the trial judge abused its discretion when he incorrectly denied Petitioner's  Application without the benefit of an evidentiary hearing; under the circumstances in which Petitioner clearly and specifically alleged facts, which, if proven to be true, would have entitled him to constitutional relief  In addition, the trial Judge reasons for denial is as follows:

Judge Robert Murphy Ruling on Application for Post-Conviction Relief

We offer relevant portions of the Ruling:

**"The Judge states: Hence, Petitioner fails to provides or prove any of the exceptions for delayed filing apply to his case. The court does not reach the merits of Petitioner's claim, as the application is procedurally barred review in post-conviction."**

Mr. Lebeau strongly disagrees:  the trial judge is overlooking the reading of *Missouri v. Frye*, 566 U.S. ____ (3/21/12) and *Lafler v. Cooper*, 566 U.S. ___ (3/21/12).

The United States Supreme Court clearly stated that *Frye* is a new general rule. The Court further stated that *Frye* is category different from what the Court considered in *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Padilla v. Kentucky*, 559 U.S.__ 2010. The Fifth Circuit Court of Appeals ruled in  *Teague v. Scott*, 60 F. 3rd 1167. 1171 (5th Cir.

4

1995), the Court stated we have not previously ruled that failure to inform a defendant of plea discussions could amount to ineffective assistance of counsel.

The United States Supreme Court developed a reasonable standard regarding plea offers that lapse or are rejected.

1) It is interesting that Justice Antonin Scalia dissent opinion explains the decision upends decades of our cases5 and opens a whole new boutique of constitutional jurisprudence ('plea bargaining law') without even specifying the remedies the boutique offers. (See: *Missouri v. Frye*, 566 U.S. ___ (3/21/12) (quoting Scalia, J. dissenting at page 12).

What is important, *Frye*, supra, does present a new general rule because it imposes a new obligation on the states, and it breaks new constitutional ground.

2) Mr. Thomas Lebeau timely filed application for post-conviction relief falls within the second exception listed in La. C.Cr.P. Art. 930.8(A)(2), which specifically states: the claim asserted in the petition is based upon a final ruling of an appellate court establishing; 1) a theretofore unknown interpretation of constitutional law, when; 2) the petitioner establishes that this interpretation is retroactively applicable to his case, and 3) the petition is filed within *one year* of the finality of the ruling.

The United States Supreme Court attempted to define what a new rule consisted of and when it is entitled to retroactively. Under *Teague v. Lane*, 489 S.Ct. 288, 307 (1989), a new rule generally applies only to cases still on direct review and applies retroactively in a collateral proceeding only if it (1) is substantive or (2) is a watershed rule that implicates the fundamental fairness and accuracy of the criminal proceeding.

Hence, for readily apparent reasons, the trial judge is merely attempting to circumvent Petitioner proper filed application for post-conviction relief with an unattainable process. The Honorable trial judge, has clearly ignored the applicable law, regarding this matter. In addition, the trial judge ignored the argument of

5

Petitioner's application. But that is not all, the trial judge rambled on claiming that petitioner's application is procedurally barred.

Let there be no mistake, to avoid a miscarriage of justice, this Court must examine the constitutional issues presented herein. In view of the foregoing facts and law plead by Mr. Lebeau, in his Memorandums, as well as the mandatory language of Louisiana Code of Criminal Procedure, Article 930.8(A)(2), it is clear that the trial court abused its discretion, without ordering an evidentiary hearing or other relief as justice requires. Accordingly, this Honorable Court should grant his writ application, granting the relief it deems necessary and just. At length, Louisiana court systems must be held to the above cited standards conferred upon criminal defendants and to exclude Mr. Thomas Lebeau would be a miscarriage of justice and an unmitigated disgrace.

Based on the United States Supreme Court õintentionö in *Frye* cases, Petitioner has shown that this Honorable Court permits this application for post conviction relief on a new general rule of constitutional law made retroactively apply to Petitioner's case. La. C.Cr.P. art. 930.8 (A)(2). If the prosecution objects to any procedural issue, an evidentiary hearing should be held contradictory with the State.

In the case sub judice, as to the claim raised herein, Mr. Lebeau reliances on a new general rule of law in *Missouri v. Frye*, 566 U.S. ___ (3/21/12). Mr. Lebeau, submit the following claims a full review on the merits.

## ISSUE NO.: 1

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner issue is one that has been long standing in the tribunals of law and the establishment of the Sixth Amendment of the United States Constitution. Assistance of counsel throughout any criminal proceeding is a unalienable right guaranteed to any accused and a safe guard to ensure one's rights are protected.

6

In bringing forth an ineffective assistance of counsel claim, the courts have established the land mark case of *Strickland v. Washington*, 466 U.S. 668 as the requirement to illustrate counsel's ineffectiveness i.e., A two prong test to show that counsel's performance was deficient and that if not for counsel's deficiency, a reasonable likelihood exist of a probable different outcome of the trial.

The Sixth Amendment of the United States Constitution does not merely grant an accused to representation of counsel, but instead enforces the right to have effective assistance throughout the judicial process; including pled offers and all critical stages of the criminal proceedings. *Monteyo v. Louisiana*, 556 U.S. 778, 786.

### THE ISSUE IS ILLUSTRATED AS FOLLOW:

1)    Counsel was ineffective and his performance was deficient because he failed to inform petitioner of an existing pled offer during the offer window.

Counsel, Gerald P. Archer, responded to a letter from the Deputy Disciplinary Counsel, Mr. Williams N. King, of the Louisiana State Bar Association in reference to a missive forwarded by the petitioner.

In Mr. Archer's letter, he states:

**"At one point in time he (petitioner) was offered fifty years on each count to run concurrent with the fifty years he was currently serving. He refused that offer."**

**"I had open file discovery and had negotiated for a very lenient sentence on these five counts of armed robbery. Mr. LeBeau pled guilty over my objection." (See attached exhibit "A-2").**

Though Mr. Archer asserts he was part of a negotiation process that a lenient sentence was reached in principle with negotiates, and petitioner refused that offer and later made another pled in which counsel objected to, it is completely unsubstantiated by any in the records. In fact, the records show that all of counsel's statements were untrue.

First, there is no record of a negotiation pled offer. As a general rule, defense

counsel has the duty to communicate formal prosecution offers to accept a pled on terms and conditions that may be favorable to the accused.

The difference between what the petitioner actually pled to and what counsel insinuates was negotiated is two hundred and fifty years. Not attempting to be humorous here, but logically, if petitioner seriously accepted a 250 year sentence as a pled when a 50 year sentence was[1] offered, then counsel's action should have been a motion to request a sanity hearing on behalf of his client, because apparently the accused could not have been in a cognitive state of mind.

In *Missouri v. Frye*, 566 U.S.____(2012), the United States Supreme Court found that *Frye's* counsel's performance was deficient because the record is void of any evidence of any effort by trial counsel to communicate the offer to *Frye* during the offer window 311 S.W. 3d at 355, 356 (emphasis deleted). herein petitioner's predicament is identical. Standards for prompt communication and consultation recommended by the American Bar Association and Adopted by numerous State and Federal Courts, though not determinative, serve as important guides.

**First**, a formal offer's terms and processing can be documented.

**Second**, states may require that all offers be in writing.

**Third**, formal offers can be made part of the record at any subsequent pled proceeding or before trial to ensure that a defendant has been fully advised before the later proceedings commence.

Petitioner contends that he was never offered a pled and the record is void of any such agreement or rejection of the alleged offer.

Here, counsel's performance was deficient and is inadequate to satisfy the first prong of *Strickland.*

---

[1] Under G.T.A. 138 (Good Time Act). And petitioner accepted the plea of 50 years per count (5 counts) to run concurrent, as well as concurrent to the sentence petitioner was already serving, the total sentence of imprisonment would have been 25 years.

8

As for the second prong, showing that counsel's deficient performance caused prejudiced, petitioner again reflects to the actual sentence received versus the alleged sentence negotiated by his counsel. By counsel's admission in his letter to Mr. King of the Bar Association, he negotiated a lenient sentence. Negotiatedō infers a concluded agreement; one agreed upon by both the District Attorney Office and the defense counsel. To omit this agreement from the defendant and then allow him to plead to a sentence five times as severe as the one initially offered caused him prejudice tantamount to having no assistance at all. Had counsel related the initial plea to the petitioner, petitioner would have accepted the plea offer, but because of counsel's ineffectiveness, petitioner wasn't made aware that a plea offer existed.

For these reasons, petitioner pray that this Honorable Court find merit in his claim and reverse petitioner's conviction and sentence and remand this case back to the District Court to either be afforded the opportunity to enter into offered plea or deal scheduled for a new trial.

**2) Counsel was ineffective for not motioning the court for continuance or objecting to having to proceed through proceedings with an ill defendant, and then offering incompetent advise.**

Counsel asserts that on the day of trial the petitioner arrived feeling ill due to a bullet lodged in his skull. Counsel continues, saying that he "requested a continuance and that motion was denied." Counsel also stated that petitioner, in open court, loudly and clearly stated that he wishes to plead guilty so he could return home to Angola. Last, counsel states that he objected to the petitioner's guilty plea and that Judge WALTER Kellin noted the objection.[2] (See Exhibit G copy of plea proceedings and also exhibit G-1).

According to *United States v. Cronic*, 466 U.S. 648 (1984), bench mark for

---

[2]The Federal District Court has reviewed all of petitioner's records and have found no record of counsel's objection to petitioner pleading guilty, nor any records of counsel moving for continuance or discussions of a plea offer. (See Exhibit "G" - Federal District Court Ruling. Eastern District of Louisiana. Page -8).

judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a just result.

Petitioner avers that not only did his counsel's action undermine the proper functioning of the adversarial process, but it completely eliminated it, as his conduct extends to plea offers and all other critical stages of the judicial process.

There is no record of counsel asking for a continuance because of his client health, or for any other reason. Nor is there a denial of a motion for continuance on record. No record exist of the petitioner blurting out loudly that he wishes to plead guilty, and there isn't a record of an objection due to the petitioner pleading guilty.

What there is a record of is a counsel abdication his client cause, advising him to waive all of his rights and then advising him to plead to a sentence 5 times greater than what he would have received had he been informed of and accepted the original plea offer. What there is a record of is counsel throwing his client to the wolves and then orchestrating a letter to the Louisiana Bar Association attempting to purge himself of illicit and unethical practices.

Counsel never explained to the petitioner what sentence would be imposed on December 6, 1993. While counsel states he had nothing to do with the petitioner pleading guilty, the record would demand the question of who (if anyone) then explained the *Boykinization*, the sentence being imposed, and the waiver of petitioner's rights....Duties which effective Counsel are responsible for.

For all the reasons stated above Petitioner conviction and sentence must be reversed.

10

## CONCLUSION

For the foregoing reasons, the trial judge denial must be reversed; as well as the 5th Circuit Appeal Court's denial; or in the alternative, this case should be remanded for reconsideration in the interest of justice and/or a evidentiary hearing be granted on the merits presented herein. This 26 day of April 2013.

Respectfully submitted

*Thomas LeBeau #108525*
Thomas LeBeau #108525
General Delivery,   La. State Prison
Angola, Louisiana 70712

## CERTIFICATE OF SERVICE

I, Thomas LeBeau, hereby certify that a copy of the foregoing Application for Writ of Certiorari and/or Review has been served upon the District Attorney for the 24th Judicial District Court, Parish of Jefferson, by placing the same in the U.S. mail, properly addressed and sufficient postage affixed on this 26 day of April, 2013.

*Thomas LeBeau #108525*
Thomas LeBeau #108525

11

## VERIFICATION OF WRIT APPLICATION

STATE OF LOUISIANA

WEST FELICIANA PARISH

I, Thomas LeBeau hereby affirm and say:

1). I am the Applicant/Relator in these proceedings and, I am solely responsible for its contents;

2). All documents annexed hereto and filed herewith are true and correct copies of the original documents filed into the record;

3). All of the allegations contained in the above foregoing application for review are true and correct to the best of my knowledge, information and belief; and

4). I hereby certify that I have served a true copy of the foregoing pleading and a copy of the record to these proceedings by placing same, properly addressed to:

The Hon. Walter J. Rothschild/Robert Murphy, Judge, 24th Judicial District Court, Division D, Courthouse, and District Attorney, Parish of Jefferson, Paul Connick, Esq., 200 Derbigny St., Gretna La. 70053; prepaid first class postage affixed thereto in the United States Mail, on this 26 day of April, 2013.

AFFIANT FURTHER SAITH NAUGHT.

Thomas LeBeau #708525

Thomas LeBeau (Affiant)

(Witness)

#119212

(Witness)

12

No. _____

IN THE
SUPREME COURT
STATE OF LOUISIANA

THOMAS LEBEAU
Applicant/Relator

VERSUS

N. BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY
Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**EXHIBITS SUPPORTING APPLICATION FOR WRIT OF CERTIORARI**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAY IT PLEASE THE COURT:

**EXHIBIT A** Application For Post-Conviction Relief, and trial court ruling

**EXHIBIT B** Application For Review to the 5th Circuit Court of Appeal, with the denial

**EXHIBIT C** La. Supreme Court denial

**EXHIBIT D** Second application for PCR and the denial

**EXHIBIT E** Application For Review to the 5th Circuit Court of Appeal, with the denial on second application for PCR

**EXHIBIT F** Mr. Archer's letter

**EXHIBIT G** Copy of plea proceedings and also exhibit

**EXHIBIT G-1** Copy of Federal District Court ruling Eastern District of Louisiana

Executed, on this 26 day of April, 2013.

Respectfully submitted

Thomas LeBeau #108525

Thomas LeBeau #108525
General Delivery
Louisiana State Penitentiary
Angola, La. 70712

13

# EXHIBIT A

## First Application For Post-Conviction Relief, and trial court ruling

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 93-684                                                    DIVISION "J"

RECEIVED

JUN 0 7 1996

LEGAL PROGRAMS DEPT.

STATE OF LOUISIANA

VERSUS

THOMAS LEBEAU

FILED: May 23, 1996                          _Shea Pentuit_

                                                  DEPUTY CLERK

## O R D E R

This matter comes before the Court on the defendant's application for post conviction relief.

Upon review, the Court finds the defendant's claim without merit. According to the record, the plea defendant stated in open court that he understood the waiver of his rights and the consequences of his plea. At no time did he ever indicate to the Court that he did not understand his actions or that his plea was the result of any kind of physical or mental duress. In fact, the defendant expressly stated that the decision to plea was his alone.

Accordingly,

IT IS ORDERED BY THE COURT that the defendant's application for post conviction relief be and the same is hereby denied.

Gretna, Louisiana, this 23rd day of May, 1996.

_____
                                    JUDGE

PLEASE SERVE:

THOMAS LEBEAU, 108525, L.S.P., ANGOLA, LA 70712

WARDEN, L.S.P., ANGOLA, LA 70712

A.D.A. TERRY BOUDREAUX

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_Shea Pentuit_
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

Appendix 5B"

IN THE

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

THOMAS LEBEAU
    Petitioner

VERSUS

N. BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY
    Respondent

DOCKET NO: 93-684

DIVISION: "D"

FILED: _____

_____
CLERK OF COURT

*******************************************

MEMORANDUM OF LAW IN SUPPORT

OF POST CONVICTION APPLICATION

*******************************************

MAY IT PLEASE THE COURT:

NOW INTO COURT comes, Thomas LeBeau, pro-se petitioner, in the above entitled case and submits his application for Post Conviction Relief and Memorandum of Law in Support. In support thereof petitioner would show the Court the following:

JURISDICTION AND VENUE

This court has jurisdiction to entertain this Application for Post Conviction Relief pursuant to the Louisiana Code of Criminal Procedure, Article 924, et. seq. Petitioner was convicted and sentenced in the Twenty-Fourth Judicial District Court, Parish of Jefferson. Article 925 provides that the trial court is the court where Post Conviction Application must be filed.

GROUND FOR RELIEF

Petitioner contends that his guilty plea was not knowingly, voluntary, and intelligent enter, and that he did not know he was giving up certain rights pursuant to Boykin v. Alabama.

It is well established that in order for a guilty plea to be valid the record must reflect that there was a knowing, intelligent, voluntary waiver of constitutional rights by a criminal defendant Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

In the instant case petitioner avars that the trial court accepted his guilty

Appendix "①"

plea to five (5) counts of armed robbery in violation of the principles espoused by Boykin and its progeny of the cases. The record of the proceedings immediately prior to and during acceptance of petitioner's guilty plea clearly shoe that the plea was made under severe pressure of pain due to a bullet which was lodged and still remain in petitioner skull. The record reveals that on the day of petitioner's scheduled trial, he made a complaint to his attorney stating that he was not well and feeling ill due to the bullet lodged in his skull. At that point defense counsel moved the court for a continuance based upon the fact that petitioner was unable to assist him with his trial due to his physical condition.

However, the trial court denied the motion for a continuance and was about to proceed wit the trial when petitioner stated that he wanted to plead guilty. Defense counsel attempted to dissuade petitioner from entering a guilty plea to these charges, however, petitioner told him that he was in severe pain and could not sit through the trial process.

Petitioner contends that the trial court committed reversible error by denying a continuance so that the defendant could obtain medical treatment for a serious medical condition which persists even to this day. Furthermore, by accepting the guilty plea over the strenuous objection of defense counsel. The petitioner clearly had no intention of pleading guilty prior to the denial of the continuance. As the attached letter from the defense counsel points out, petitioner had provided names of five (5) alibi witnesses and these witnesses had been subpoened for trial. Moreover, petitioner had already rejected an offer by the district attorney of fifty (50) years on each count to run concurrent with each other, and concurrent with the fifty years sentence petitioner already was serving from Orleans Parish.

All of these facts belie any assertion that petitioner's guilty plea in this matter was not made knowingly, intelligent or voluntary made with a knowing waiver of his constitutional rights. Even after defense counsel advised petitioner that the prior offer by the state was no longer valid and that he faced consecutive sentences, petitioner, under pressure from the physical discomfort stated he did not care and wanted to get back to Angola so that he could receive medical treatment.

No person in his right state of mind would refuse an offer of fifty (50) years on each count of armed robbery to run concurrent with the time he had already gotten from another jurisdiction. Then on the day of trial agree to accept a sentence totaling three-hundred (300) years. Clearly, petitioner pleaded

guilty because he needed medical attention which he was denied. He was forced to either plead guilty and seek treatment, or to attempt to suffer through a trial where he would beunable to assist in his own defense.

Petitioner suffer form epileptic seizures due to the bullet lodged in his skull and remains under constant medical supervision. had the trial proceeded and petitioner suffered from an epileptic seizure, or worse the process would have been interrupted anyway. This interruption could have occurred at a point much more important than before jury selection and trial testimony. for these reasons, the trial court erred by denying a continuance when defense counsel made it known that petitioner was ill from a serious medical condition and could not assist with his defense. Furthermore, that the court erred by accepting petitioner's guilty plea over counsel's objection and the plea was involuntary because it was made under pressure of a serious medical condition for which petitioner was in need of treatment. Under the conditions and circumstances this guilty plea was made, the plea was not knowingly made in an intelligent and voluntary manner as required under Boykin v. Alabama, supra.

WHEREFORE, for all of the reasons stated herein, petitioner's guilty plea should be vacated and set aside, for this petitioner will forever pray.

Respectfully Submitted,

X _____
Thomas LeBeau #108525
General Delivery
Louisiana State Penitentiary
Angola, Louisiana  70712

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Application for Post Conviction Relief has been served upon the District Attorney of the 24th Judicial District, Parish of Jefferson, by placing the same in the United States Mail, postage pre-paid and properly address.

This _____ day _____, 1996.

X _____
Thomas LeBeau

AFFIDAVIT IN SUPPORT

I, Thomas LeBeau, after being duly sworn by the undersigned authority, upon my oath under the penalties for perjury depose and state that I have read and understand the foregoing Application for Post Conviction relief to the best of my knowledge and belief.

I further depose upon my oath that I remain a pauperis person due to my incarceration and I have no funds with which to pay any costs which may incur from the filing of this Application for Post Conviction Relief.

X _____
Thomas LeBeau #108525
General Delivery
Louisiana State Penitentiary
Angola, Louisiana 70712

NOTARIZATION

SWORN AND SUBSCRIBED TO BEFORE ME the undersigned authority this _____ day of _____, 1996.

_____
A PERSON AUTHORIZED TO
ADMINISTER AN OATH

## APPENDIX "A"

**Adopted October 14, 1976**
**Effective January 1, 1977**

### UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

THOMAS LEBEAU                              No. _____
**NAME OF PETITIONER**                          (to be filled in by the clerk)

1085 ___                           —24th JUDICIAL DISTRICT
**PRISON NUMBER**

LA STATE PRISON                    _____ PARISH OF JEFFERSON
**PLACE OF CONFINEMENT**            STATE OF LOUISIANA

                            **VS.**

N. BURL CAIN
**CUSTODIAN**          (Warden,
**Superintendent, Jailor, or authoriz-**
**ed person having custody of**
**petitioner)**

**Please Serve CUSTODIAN and** ___PAUL CONNICK___
**DISTRICT ATTORNEY,** _24th_. JUDICIAL DISTRICT, STATE OF
LOUISIANA.

### INSTRUCTIONS — READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation from the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

### PETITION

1. Name and location of court which entered the judgment of conviction challenged _24th. Judicial District Ct., Parish_ _of Jefferson, Jefferson Parish Courthouse,_P.O.Box 10.

2. Date of judgment of conviction _Dec. 6, 1993_

3. Length of sentence _250 yrs.Without any benefits_

-1-

4. Nature of offense involved (all counts) __Five (5) Ct., of Armed__
Robbery _____

_____

_____

5. What was your plea? (check one)

    (a) Not guilty ( )

    (b) Guilty   ( XX

    (c) Not guilty and not guilty by reason of insanity ( )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details: _____

_____

_____

_____

    (d) Name and address of the lawyer representing you at your plea (if you had no lawyer, please indicate) __Gerard Archer, ESQ__

__G.I.D.O., Gretna, La. 70053__

    (e) Was the lawyer appointed (X) or hired ( )? (check one)

6. Kind of trial: (check one)

    (a) Jury ( )

    (b) Judge only (X) Guilty Plea

7. (a) Name and address of the lawyer representing you at your trial: _____

    __Same as 5 (d)__

    (b) Was the lawyer appointed (X) or hired ( )? (check one)

8. Did you testify at the trial? Yes (X) No ( )

9. (a) Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein. _____

    __Same as 5 (d)__

    (b) Was the attorney appointed ( X) or hired ( )? (check one)

10. Did you appeal from the judgment of conviction? Yes ( ) No (X)

11. If you did appeal, give the following information:

    (a) Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal (if known) _____

_____

    (b) Name and address of lawyer representing you on appeal: _____

_____

_____

    (c) Was the lawyer appointed ( ) or hired ( )? (check one)

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court. Yes (X) No ( )

13. If your answer to 12 is "yes", give the following information:

    (a) (1) Name of court _____ __24th. Judicial District Court__

      (2) Nature of proceeding __Post- Conviction Relief__

_____

- 2 -

(3) Claims raised __Ineffective Assistance of Counsel__
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your application?

    Yes       ( )          No         ( )X

(5) Was relief granted or denied? _____~~denied~~_____

(6) Date of disposition ___~~93-684~~_____

(7) Citation of opinion (if known) _____

(8) Name and address of lawyer representing you (if none, so state):

_____~~None~~_____

(9) Was the lawyer appointed ( ) or hired ( )? (check one)

(b) Have you filed any other applications for post-conviction relief with respect to the challenged conviction?
    Yes ( )X No ( )
    If "yes", set forth the details (as above) on separate paper and attach.

(c) Did you appeal or seek writs of review from the denial of any post-conviction application?
    (1) First petition, etc. Yes ( ) No ( )XX
    (2) Second petition, etc. Yes ( ) No ( )

(d) If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not: _____
_____
_____

(e) Name of the lawyer who represented you on appeal from the denial of any post-conviction application (if none, so state):

    (1) First petition __None_____

    (2) Second petition _None_____

-3-

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1) Your conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2) The court exceeded its jurisdiction;

(3) Your conviction or sentence subjected you to double jeopardy;

(4) The limitations on prosecution had expired;

(5) The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6) The conviction or sentence constitute the ex post facto application of law in violation of the Constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

**CLAIM[S]**

YOU MAY ATTACH ADDITIONAL PAGES SETTING FORTH THE RE-
QUIRED INFORMATION (BELOW) IF ADDITIONAL CLAIMS ARE
ASSERTED.

Claim: _____

_____

_____

(a) Supporting FACTS (tell your story briefly without citing cases or law):

_____

~~SEE MEMORANDUM OF LAW~~

_____

_____

_____

_____

_____

_____

_____

(b) List names and addresses of witnesses who could testify in support of your
claim. If you cannot do so, explain why: _____

~~All person involves in this action~~

_____

_____

_____

_____

_____

(c) If you failed to raise this ground in the trial court prior to conviction,
on appeal or in a prior application, explain why: _____

~~See Writ Grant~~ Consideration.p.2

_____

_____

A. Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged? Yes ( ) No (xx) If "yes", name the court _____

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes (xx) No (xx)

(1) If so, give name and location of court which imposed sentence to be served in the future: ~~Sentence Entes~~, Orleans Criminal District Courthouse, 2700 Tulane Ave., New Orleans, Lo. 70119

(2) Give date and length of sentence to be served in the future: Sentence ☒Yes, Date unknown

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (xx)

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

xx _____
Signature of Petitioner

_____     _____     1999_____
Day/          Month          /Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

_____
_____
NONE
_____
_____

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

xx _____
Signature of Petitioner

-6-

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF WEST FELICIANA

~~Thomas Le Beau~~ , being first duly sworn says that
(Name of Petitioner)

he has read the foregoing application for post-conviction relief and swears
or affirms that all of the information therein is true and correct. He further
swears or affirms that he is unable to employ counsel because he has no assets
or funds which could be used to hire an attorney except as listed above. (Delete
reference to appointment of counsel if inapplicable.)

xx
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this _____ day
of _____, 19 _____.

Notary Public or other person authoriz-
ed to administer an oath.

-7-

# EXHIBIT B

**Writ of Review into the 5th Circuit Court of Appeal that was also denied**

IN THE

COURT OF APPEAL, FIFTH CIRCUIT

_____

NO:

_____

STATE OF LOUISIANA EX REL. THOMAS LEBEAU
Petitioner,

VERSUS

WARDEN BURL CAIN, LOUISIANA STATE PENITENTIARY
Respondent,

---

APPLICATION FOR SUPERVISORY WRIT TO THE TWENTY-FOURTH JUDICIAL
DISTRICT COURT, PARISH OF JEFFERSON, SECTION "D" PRESIDING JUDGE
IN CASE NUMBER 93-684

---

Respectfully submitted,

*Thomas LeBeau #108525*

Thomas LeBeau 108525
La. State Penitentiary
General Delivery
CBA U/L-5

<u>TABLE OF CONTENTS</u>                                    <u>PAGE:</u>

MOTION TO PROCEED IN FORMA PAUPERIS ................... ii

TABLE OF AUTHORITIES ................................. iii

JURISDICTION ........................................ 1

STATEMENT OF THE CASE ............................... 2

ISSUE PRESENTED .................................... 3

LAW AND ARGUMENT ................................... 3

PRAYER ............................................. 6

CERTIFICATE OF SERVICE ............................. 7

ATTACHMENTS:

Fifth Circuit's judgment ........................... 1

Trial court's judgment ............................. 2

i

## MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to La.CodeCiv.Proc. Article 5181, et seq., motion is hereby made that petitioner be allowed to proceed in forma pauperis with the filing of this application.

Petitioner herein, Thomas LeBeau, states:

(1) That he has no income or assets whatsoever except what appears in his prison account; and

(2) That he cannot advance costs in this proceeding, pay them as they accrue, nor firnish security therefor.

WHEREFORE, petitioner prays that he be allowed leave and be grated permission to proceed in forma pauperis. Petitioner further states and declars under penalty of perjury that the foregoing is true and correct to the best of his knowledge and belief.

_MAR - 8 - _____, 1998.

                                    Respectfully submitted,

                                    Thomas LeBeau #108525
                                    Thomas LeBeau, Pro-se

STATE OF LOUISIANA

PARISH OF LOUISIANA

## AFFIDAVIT OF PROPERTY

Before me personally came Thomas LeBeau, who after being duly sworn, deposed and stated that he has no income or assets whatsoever except what appears in his prison account; that he cannot advance costs in this proceeding, pay them as they may accrue, nor furnish secruity therefor.

_MAR - 8 _____, 1998.

                                    Respectfully submitted,

                                    Thomas LeBeau #108525
                                    Thomas LeBeau, Pro-se

ii.

TABLE OF THE AUTHORTIES

| | PAGE: |
|---|---|
| LSA- CONST. ART. 5, Section 2, 5, and 10 | 1 |
| La.Rev.Stat. 14:64 | 1-2 |
| La.Code Crim.Proc.art.930.4 | 1,2,4 |
| La.CodeCiv. art. 5181 | ii |
| Title 28. USC 2244 | 5-6 |
| State v. Bernard, 653 So.2d 1174 (La. 1995) | 4-6 |
| State v. Humphrey, 412 So.2d 507 (La. 1982) | 5 |
| State v. King, 520 So.2d 1260 (5th La.App. 1988) | 5 |

iii

IN THE
COURT OF APPEAL, FIFTH CIRCUIT
PARISH OF JEFFERSON

NO:: 93-684                                        DIVISION:: "D"

STATE EX REL. THOMAS LEBEAU

VERSUS

BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY

FILED: _____          _____ Dy. CLK.

May It Please The Honorable Court:

### JURISDICTION

This Honorable Court has jurisdiction pursuant to LSA-Constitution Article 5, Section 2, 5, and 10, as amended 1974.

Now Comes Thomas LeBeau, petitioner in the above styled and numbered cause, who with respect moves this Honorable Court to Re-Consider his claim which has now been supplemented with medical records that were not "reasonably" available to his defense attorney at the time that counsel requested a pre-guilty plea motion for a continuance nor at the time that this Court initially considered petitioner's application for supervisory writs. See, Judgment attached hereto, Appendix "1".

The medical records are needed to support defense motion for a continuance. The motion for a continuance was based upon defense counsel's representation to the court that his client was incompetent to assist counsel at trial on that day. The motion was made because defendant's incompetency was caused by the now supplemented proof that defendant indeed had a bullet logded in his skull and coupled with the supplemented proof that defendant is an Epileptic. This present condition caused defendant to suffer with Migraine Headaches at the time of trial.

Defendant asked counsel to move for a continuance because his client was unable to endure a lenghty trial on five (5) Armed Robbery counts because of extreme physical pain and emotional suffering. The trial court's denial of the motion caused defendant to waive his scheduled trial and enter a guilty plea on all

1.

In this case sub judice, petitioner argues that cited case reflect the district court denial of pre-trial motions. Supervisory writs were taken and refused by this Honorable and the superme court. And, likewise, after trial writs were again taken to this Honorable Court. The reason of this Court is, "the only way appellant could prevail herein would be if he had presented new evidence showing that this Court's pre-trial position was erroneous.

Petitioner Thomas LeBeau acknowledges that the cited cases are some what different than his own case. But there is no authority to guide the Court in a post-conviction procedure. Petitioner asserts his case should not be treated differently. This is con- sistant with La.C.Cr.P.art. 3 (West Supp. 1991). The similarities are denials of pre-trial motions. In the cited case, suppression motions, and in this case a continuance motion. Writs were taken in the cited case before trial. In this case, writs are not taken before the adjudication process or an appeal afforded, however, they were taken in a post-conviction proceedings. The most import- ant aspect of this case is the fact that petitioner has brought out new additional evidence. Evidence that this court and the trial court indicated were necessary to resolve petitioner's claim, which if established, would entitle him to relief.

In sum, petitioner is attempting to gather the evidence to the satisfaction of the Louisiana Courts, and are not being provided the evidence by the same system who says it is essential to a just determination of the claim presented. The trial court application of La.C.Cr.P.art. 930.4 in belief that is was precluded from re-con- sidering the post-conviction memorandum of law, denied petitioner adequate review of his claim and completely foreclosed review of his motion for production of documents according to State v. Alex Bernard.

WHEREFORE, petitioner prays that this Honorable Court grant unto him Supervisory writs.

Respectfully submitted,

*Thomas LeBeau* 108525
Thomas LeBeau #108525
La. State Prison
CBA U/L-#5
Angola, La. 70712

6.

# Application For Writs

## No.  '97 -KH- 356

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

'APR 17 1997'

*Genevieve L. Vanette*
DyClerk

### STATE OF LOUISIANA

#### VERSUS

#### THOMAS LEBEAU

IN RE   THOMAS LEBEAU

APPLYING FOR   WRIT OF MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 93-684, DIRECTED TO THE HONORABLE  SHELDON  FERNANDEZ

**Attorneys for Relator:**

Mr. Thomas LeBeau #108525
General Delivery
Louisiana State Prison
Angola, Louisiana 70712

**Attorneys for Respondent:**

Mr. Terry M. Boudreaux
Asst. District Attorney
5th Floor - Gretna Courthouse Annex
Gretna, Louisiana 70053
(504) 368-1020

**WRIT DENIED**

On the presentation, the application discloses no error in the trial court's ruling of May 23, 1996, on relator's application for post conviction relief.  Accordingly, this writ application is denied.

Gretna, Louisiana, this 28th day of April 1997.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

*Edward Dufresne Jr*
JUDGE EDWARD A. DUFRESNE, JR.

**A TRUE COPY**

GRETNA  APR 2 8 1997   19

CLERK
COURT OF APPEAL FIFTH CIRCUIT

# EXHIBIT C

## La. Supreme Court for Writ of Certiorari that was also denied