# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS LEBEAU | CIVIL ACTION |
| VERSUS | NO. 14-823 |
| N. BURL CAIN, WARDEN | SECTION "H"(5) |

## TRANSFER ORDER

Petitioner, THOMAS LEBEAU, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1993 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1)  He was denied the effective assistance of counsel because counsel failed to (a) inform petitioner of an existing plea offer during the offer window; and (b) obtain a continuance or object to the trial court's order to proceed with trial when petitioner was ill;

2)  The Louisiana Supreme Court erred in barring review under La. C.Cr.P. art. 930.8.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Thomas LeBeau v. Burl Cain</u>, Civil Action 98-3039 "H"(6). In that petition, petitioner raised the following ground for relief:

1)  His guilty plea was not voluntarily, knowingly, or intelligently entered.

That petition was dismissed with prejudice on the merits by Judgment entered January 19, 1999. Petitioner appealed that judgment. His request for a certificate of appealability was denied. Rec. Doc. 17.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that THOMAS LEBEAU's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 30th day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE